**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-61240-RAR**

**MICHAEL LIVEAL SCOTT**,

    Plaintiff,

v.

**NANCY PELOSI**, *et al.*,

    Defendants.
_____/

**ORDER DISMISSING *PRO SE* COMPLAINT**

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. Plaintiff filed a Complaint [ECF No. 1] on June 25, 2020. Plaintiff later filed an Amended Complaint [ECF No. 6] on August 13, 2020. The Court found that the Amended Complaint should be treated as a habeas corpus petition, and because the allegations in the Amended Complaint did not in any way resemble those in the initial Complaint, the Court directed the Clerk to open a new case under which the Amended Complaint would be the operative pleading. *See* Order Directing Clerk to Open New Case [ECF No. 9]. Accordingly, the original Complaint is the operative pleading in the instant case, and upon initial screening of that Complaint, the Court finds that it fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Further, "[a] federal district court has the inherent power to dismiss a case

*sua sponte* under Rule 41(b)." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)). Similarly, pursuant to 28 U.S.C. section 1915(e), courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Although generally, *pro se* complaints are held to a less stringent pleading standard than pleadings drafted by lawyers, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), "liberal construction of pro se pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Smitherman v. Decatur Plastics Prod. Inc.*, 735 F. App'x 692, 692 (11th Cir. 2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)) (internal quotations omitted).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alteration added) (quoting *Iqbal*, 556 U.S. at 678).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to meet the foregoing standards. The Complaint is difficult to follow, but it alleges that the Defendants, who are sitting members of the United States Congress, ordered Plaintiff's defense lawyers to work in concert with local prosecutors to induce Plaintiff to enter into a plea agreement

to resolve criminal charges pending against him. *See* Compl. at 1. At other points, the Complaint asks the Court "to order Governor Desantis to send in the National Guard to free my family from terrorist [sic] who hold them hostage." *Id*. at 2. The Court simply cannot discern the nature of Plaintiff's claim against the Defendants from the allegations in the Complaint and thus Plaintiff's Complaint must be dismissed.

Moreover, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Here, Plaintiff's Complaint contains no jurisdictional allegations whatsoever. As a result, the Court cannot assess whether a valid basis for jurisdiction exists. Accordingly, given this additional deficiency, the Court must also dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint [ECF No. 1] is **DISMISSED**. All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of October, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**